STATE of Minnesota, Respondent,

v.

Mario Francisco
SMERIGLIO, Appellant.

No. CX–86–1735.

Court of Appeals of Minnesota.

July 28, 1987.

Hubert H. Humphrey, III, Atty. Gen., Robert A. Stanich, Sp. Asst. Atty. Gen., St. Paul, Roger S. VanHeel, Stearns Co. Atty., St. Cloud, for respondent.

C. Paul Jones, State Public Defender, Renee J. Bergeron, Asst. State Public Defender, Minneapolis, for appellant.

Considered and decided by HUSPENI, P.J., and WOZNIAK and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellant Mario Smeriglio was convicted of aiding in the commission of a robbery. On appeal, he claims the evidence was insufficient to sustain the conviction, and that prosecutorial misconduct denied his right to a fair trial. We affirm.

## FACTS

On the evening of February 24, 1986, Peter Kremer was working at a convenience store in St. Cloud, Minnesota. His brother Phillip was visiting him. Appellant entered the store at approximately 6:45 p.m. and purchased a newspaper. He then leaned over the counter and inquired about a radio located on the floor behind the counter. Next, appellant purchased an item and took it himself from a shelf directly behind and above the counter. Finally, he asked to exchange $10 for a roll of quarters. A tackle box containing change and money orders was located under the counter that appellant was leaning upon. Kremer retrieved the box and placed it on the counter to make the exchange. Following a brief call on the pay telephone, appellant left the store.

Approximately 10 to 15 minutes later, the Kremers testified that they noticed a man, later identified as Nick Hagler, walk by and look into the store. When Hagler appeared again, he entered the store, took the cash from the register, and ordered Peter to give him the money box after stating he knew it was located under the counter. The Kremers testified that Hagler's hand was in his pocket holding what appeared to be a gun.

Hagler ran into Guy Schafer as he left the store and proceeded down the sidewalk to the nearby alley. After a brief delay, Schafer and Peter Kremer followed Hagler to the alley. David Algoe, who was parked nearby at a stop sign, witnessed the three men leave the store. As he drove by, Algoe testified that he saw a car in the alley with what looked to be a man attempting to open the rear passenger-side door. He also noticed a man sitting in the driver's seat. Algoe next drove to the other side of the alley to obtain the car's license plate number.

Kremer and Schafer also saw a car in the alley as they followed the robber. Schafer testified that he heard a door close and noticed the interior lights briefly go on. Kremer followed the car further down the alley, testified that it suddenly stopped, and also noticed the interior lights go on.

Neither actually saw a man get in the car. The two saw no other movements in the alley except the car.

David Algoe testified that he glimpsed the driver's face and saw a bulk in the car's back seat as it turned out of the alley. He wrote down the car's license plate number, which matched the first three digits Kremer was able to obtain. The license plate number was traced to a car recently purchased by appellant. Following his arrest, appellant admitted he was in the store the evening of the robbery, but denied involvement in the crime. He stated that after leaving the store, driving up the alley was part of the route he followed.

Appellant also told authorities an allegedly hypothetical story about troublesome people who force others to go along with their wrongdoing. More specifically, he identified a man named Nick who helped him return a car to St. Cloud the day of the robbery. He stated that Nick was a violent person, had been involved in armed robberies, and only recently was released from prison. Nick had told the appellant that St. Cloud was "virgin territory" for robberies, and that he planned to commit future robberies in St. Cloud.

On the basis of this information and a physical description of Nick, the police put together a photo line-up in which Schafer and the Kremers immediately identified Nick Hagler as the individual who committed the robbery. In addition, appellant's roommate testified that at 4:00 p.m. the day of the robbery, he noticed the cars of appellant and his girlfriend parked in front of the convenience store. He stated that a man matching Hagler's description was seated in one of the cars.

In May 1986 a jury returned a verdict of guilty of aiding in the commission of a robbery in violation of Minn.Stat. §§ 609.24 and 609.05 (1986). Appellant's motions for a judgment of acquittal and a new trial were denied.

## ISSUES

1. Was the evidence sufficient to convict appellant of aiding in the commission of a robbery?

2. Was appellant denied a fair trial as a result of the prosecutor's closing argument?

## ANALYSIS

### I.

When reviewing a criminal conviction, the court must consider the evidence in the light most favorable to the State. It must assume the jury believed the State's witnesses and disbelieved everything which contradicted their testimony. *State v. Wahlberg*, 296 N.W.2d 408, 411 (Minn. 1980).

 Imposition of accomplice liability must be supported by evidence which shows that the accused played a knowing role in the commission of the crime without taking steps to thwart its completion. *State v. Strimling*, 265 N.W.2d 423, 429 (Minn.1978). Appellant's conviction for aiding in the commission of a robbery rests upon circumstantial evidence. When a conviction is based upon circumstantial evidence, the jury's verdict will be upheld if the circumstances proved are consistent with the hypothesis that the accused is guilty and inconsistent with any rational hypothesis except that of his guilt. *State v. Berndt*, 392 N.W.2d 876, 880 (Minn. 1986), *cert. denied*, — U.S. —, 107 S.Ct. 909, 93 L.Ed.2d 859 (1987). A conviction may rest entirely upon circumstantial evidence when the evidence meets the requisite burden of proof. *State v. Anderson*, 261 Minn. 431, 438, 113 N.W.2d 4, 8 (1962). Because the jury is in the best position to observe the witnesses and weigh their credibility, jury verdicts based upon circumstantial evidence are given due deference. *State v. Anderson*, 379 N.W.2d 70, 77 (Minn.1985), *cert. denied*, — U.S. —, 106 S.Ct. 2248, 90 L.Ed.2d 694 (1986).

 The evidence presented at trial provides reasonable support for the jury verdict. The Kremers testified that after appellant entered the store, he made a point of leaning over the counter, first to examine a radio, and second to take an additional item to purchase. In addition, appellant asked for quarters and in the process saw the money in the box and where it was located. Within 10 to 15 minutes after appellant left the store, Hagler entered, demanded the money, and declared that he knew the box was under the counter.

After the robbery, Hagler was followed down an alley where witnesses saw a vehicle later traced to appellant. One witness saw a man attempt to enter the passenger-side door of the vehicle. While no one actually saw Hagler get into the car, two witnesses saw the interior lights go on and heard the door shut, while another witnessed appellant's car drive out of the alley with a "bulk" in the back seat.

Appellant admitted, and a witness confirmed, that appellant had spent time with Hagler the day of the robbery. Further, appellant's allegedly hypothetical story which implicated Hagler, also implied that appellant had been involved in the robbery. As a whole, the circumstantial evidence supports the rational hypothesis that appellant aided the robbery by "casing" the store and driving the getaway vehicle. Thus, the jury reasonably could have found appellant guilty of aiding in the commission of a robbery.

### II.

 Appellant additionally contends prosecutorial remarks during closing arguments denied him a fair trial. He claims the prosecutor improperly voiced his opinion by stating he thought there was little question the first three elements of venue, removal of property, and use of force were satisfied. Second, appellant argues the prosecutor misrepresented facts by stating that appellant had asked Kremer to bring the money box from under the counter when the appellant only asked for change.

Determination of prosecutorial improprieties during closing arguments is a matter within the trial court's discretion. *State v. Ture*, 353 N.W.2d 502, 516 (Minn. 1984). The trial court's determination should be reversed only where the misconduct, viewed in light of the whole record, is inexcusable and so serious and prejudicial that the right to a fair trial was denied. *State v. Wahlberg*, 296 N.W.2d at 420. The Minnesota Supreme Court has held

when words such as "I think" are used in closing arguments with limited frequency, as they were here, and followed by reference to evidence or proper inferences, such remarks are not unduly prejudicial. *State v. Curtis*, 295 N.W.2d 253, 258 (Minn.1980).

Even if the prosecutor's remarks are deemed an expression of opinion, the supreme court also has found such expressions harmless where the trial court cautioned the jury only to consider the evidence brought forth at trial and not consider closing arguments as evidence, where evidence of guilt was adequate, and when closing arguments otherwise were proper. *Ture*, 353 N.W.2d at 517. Here, evidence of guilt was adequate, and the trial court specifically instructed the jury not to consider counsel's closing argument as evidence. Regarding the claim of factual misrepresentation, the trial court similarly cautioned the jury to consider only the evidence and testimony offered at trial. The prosecutor's closing argument as a whole did not cause prejudice requiring reversal of appellant's conviction.

### DECISION

The circumstantial evidence was sufficient to convict appellant of aiding in the commission of a robbery. Alleged improprieties during the prosecutor's closing argument did not deprive appellant of a fair trial.

Affirmed.